**Gzim SHALA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–1039–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 9, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

James K. Vines, United States Attorney, Middle District of Tennessee; Debra Teufel Phillips, Van S. Vincent, Assistant United States Attorneys, Nashville, Tennessee, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED.

Petitioner Gzim Shala, an ethnic Albanian from the Kosovo province of what is now Serbia and Montenegro, petitions for review of the February 11, 2004 order of the Board of Immigration Appeals (BIA), affirming without opinion the October 21, 2002 decision of the immigration judge (IJ), which denied petitioner's application for asylum and withholding of removal. We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's decision for abuse of discretion. *See Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 111 (2d Cir.2005).

The IJ found petitioner's testimony to be credible, stating in an oral decision, the court "really has no reason to doubt [Shala's] veracity," as "[h]is testimony was plausible, internally consistent and consistent with his written application."

The IJ found Shala to be a victim of past persecution based on an incident in May 1999 when the Serbian police at gunpoint forced petitioner and his family to flee their home. The IJ stated: "There is no doubt that the Serbian police in conjunction with the Serbian government, were performing what is known as ethnic cleansing. The respondent and his family clearly were refugees, at that time." After Shala fled Kosovo in May 1999 with his parents and siblings, his family lived in a refugee camp in Albania for two years. Shala's parents and sisters apparently returned to Kosovo after some time and lived with a relative because their home had been destroyed. Shala's brother came to the United States in 2000 and was granted refugee status here.

Having established past persecution, petitioner was entitled to a rebuttable presumption of a well-founded fear of future persecution, with the burden on the government to prove, by a preponderance of the evidence, that circumstances in Kosovo had changed to such degree that Shala's fear was no longer well-founded. *See* 8 C.F.R. § 208.13(b)(1)(i), (ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005).

The IJ found the government met this burden.

Thereafter, the IJ should have analyzed whether to grant asylum in the absence of well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b)(1)(iii). Petitioner could still have been granted asylum by (A) "demonstrat[ing] compelling reasons for being unwilling or unable to return to [Kosovo] arising out of the severity of the past persecution; or (B) ... establish[ing] that there is a reasonable possibility that he ... may suffer other serious harm upon removal to [Kosovo]." *Id.*

In this case, the IJ found that there was "no doubt" that petitioner would suffer economic hardship if forced to return to Kosovo. Petitioner's testimony, which the IJ found credible, stated that Kosovo was still in transition. Petitioner also testified that the violence and killings continued. Shala further testified that those members of his family that had gone back to Kosovo "live[d] under very difficult conditions" with "no jobs [and] a lot of suffering[ ]." He testified that he had spoken with his sister who had returned to Kosovo and she was living in fear. "[T]he situation is very bad ... all the people is afraid.... [There are] graves of people everywhere, on the side of the street, nearby the houses, everywhere."

The IJ should have analyzed whether such testimony constituted "other serious harm" that petitioner might suffer upon removal to Kosovo. The IJ's failure to do so left his order devoid of reasoning and was therefore arbitrary and capricious. *Cf. Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

Because Shala has not made any argument regarding his withholding of removal claim or relief under CAT, those claims are deemed waived. *See Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is granted and the BIA's order of removal is vacated. We remand to the BIA with instructions to further remand to the IJ for proceedings to consider whether Shala may be deserving of asylum based on other serious harm that he might face upon removal to Kosovo.